# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLO J. SCARCELLA,<br><br>　　　　　　　　　　Plaintiff(s),<br>　vs.<br>ICONIX BRAND GROUP, INC.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO. 15cv748-LAB (NLS)<br><br>**ORDER REQUIRING FILING OF SECOND AMENDED COMPLAINT** |

　　　　On April 7, the Court ordered Plaintiff Nicolo Scarcella to show cause why this action should not be dismissed for failure to invoke the Court's jurisdiction. When Scarcella filed his response, the Court pointed out that the proposed amended complaint did not adequately allege discharged its order to show cause, inferring that he could plead facts to establish jurisdiction if given the chance. The Court ordered Scarcella to file an amended complaint alleging the citizenship of Defendant Fitness EM, LLC. That order specifically pointed out that Scarcella needed to plead the citizenship of Fitness EM's two owner/members, not merely the fact that they were Massachusetts homeowners and residents. The order cited authority for the principle that while residency and/or home ownership were relevant to citizenship, they were not the same as citizenship, and cautioned Scarcella not to rely solely on allegations of residency and/or citizenship. (*See* Docket no. 4.)

/ / /

Scarcella has now filed an amended complaint, but has not obeyed the Court's order. Its factual allegations regarding the citizenship of Fitness EM's citizenship are identical to those the Court found inadequate and told Scarcella not to rely on. Its sole allegation regarding the citizenship of Fitness EM's owner/members is:

> According to public records, Michael J. Savage and Donna L. Savage are homeowners and residents of Charlton, Worcester County, Massachusetts, thereby citizens of Massachusetts.

(Am. Compl., ¶ 8.)

For purposes of diversity jurisdiction, citizenship is determined by domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). People may reside in a state and even own a home there without establishing domicile. *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (discussing definition of domicile for purposes of diversity jurisdiction). An allegation of residence and home ownership, coupled with Scarcella's own legal conclusion about the legal effect of those two facts, is inadequate. *See Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (in deciding whether to dismiss for lack of subject matter jurisdiction, court does not accept the complaint's legal conclusions as true, even if they are cast as factual allegations). That is particularly true here, where Scarcella's legal conclusions contradict binding authority.

While the Court did not specifically mention it, the amended complaint also fails to allege Scarcella's own citizenship, saying only that he is a California resident and concluding that this means he is a California citizen. (Am. Compl., ¶ 6.) Presumably, he knows what state he is domiciled in and a citizen of, and can allege that.

Because Scarcella may inadvertently have filed the wrong document, the Court will give him an opportunity to correct his error. No later than **April 27, 2015**, he is **ORDERED** to file a second amended complaint properly alleging the citizenship of Fitness EM, <u>and</u> alleging his own citizenship. He is particularly cautioned that alleging residency and home ownership will not suffice, and that he must make factual allegations, not legal conclusions.

/ / /

/ / /

If he does not do this within the time permitted, this action will be dismissed without prejudice but without leave to amend.

**IT IS SO ORDERED.**

DATED: April 22, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge